IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:19-cv-03130-RM-NRN

UNITED STATES,

    Plaintiff,

v.

AIR METHODS CORPORATION,

    Defendant.

_____

# ORDER
_____

This matter is before the Court on Defendant's motion to dismiss for failure to state a claim. (ECF No. 13.) For the reasons below, the Court denies the motion.

## I.     LEGAL STANDARDS

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation,"

*Twombly*, 550 U.S. at 555 (quotation omitted). To determine whether a claim is plausible, a court considers "the elements of the particular cause of action, keeping in mind that the Rule 12(b)(6) standard doesn't require a plaintiff to set forth a prima facie case for each element." *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1247 (10th Cir. 2016) (quotation omitted). However, if the allegations "are so general that they encompass a wide swath of conduct, much of it innocent," the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quotation omitted).

## II. BACKGROUND

The factual allegations in the complaint support the following sequence of events. In November 2014, a Federal Aviation Administration ("FAA") inspector performed a ramp inspection of Defendant's helicopter and observed that its pitot tubes[1] were severely corroded. The inspector took photos of the pitot tubes, informed Defendant's pilot on duty about the issue, and asked the pilot to inform Defendant's base mechanic. The next day, another inspector notified Defendant's director of maintenance about the corroded pitot tubes by phone and e-mail. Nonetheless, Defendant continued to use the helicopter on fifty-one flights. It finally replaced the pitot tubes a week after the first inspector alerted it to the issue.

Plaintiff brought this action seeking civil penalties against Defendant for violating one or more of three FAA regulations: (1) 14 C.F.R. § 135.25(a)(2), which prohibits a certificate holder from operating an aircraft unless it "[i]s in an airworthy condition"; (2) 14 C.F.R. § 135.413(a), which requires a certificate holder to "have its aircraft maintained . . . and . . . have defects

---

[1] The complaint describes pitot tubes as "parts necessary to determine airspeed." (ECF No. 1 at 1.)

repaired between required maintenance"; and (3) 14 C.F.R. § 91.13, which prohibits anyone from "operat[ing] an aircraft in a careless or reckless manner so as to endanger the life or property of another." Defendant moved to dismiss the complaint, arguing that it fails to state a claim for any violation.

III. ANALYSIS

Pursuant to FAA regulations, an aircraft is "airworthy" if (1) it conforms to its type design approved under its type certificate, and (2) it is in condition for safe operation. *Copsey v. NTSB*, 993 F.2d 736, 738 n.1 (10th Cir. 1993). Only the second requirement is currently at issue, and it is the sole basis on which Defendant seeks dismissal of the complaint. (*See* ECF No. 14 at 5 n.1.) Defendant argues that the allegations in the complaint are insufficient to support a reasonable inference that its helicopter was operated in an unsafe condition because there are no allegations that the pitot tubes were malfunctioning or that they caused an unsafe condition. But the Court finds the allegations here are sufficient to withstand dismissal. As the *Copsey* court noted, "[t]he statutory requirement of airworthiness does not mean flyability." *Id.* at 739. Thus, the fact that an aircraft was flown without incident does not establish that it was airworthy or that applicable regulations were not violated. *See id.* For present purposes, the Court finds the allegation that the pitot tubes were "severely corroded" gives rise to a reasonable inference Defendant's helicopter was not in a condition for safe operation. The Court is not persuaded by Defendant's contention that the allegations are insufficient because Plaintiff failed to allege the pitot tubes were "burnt, plugged, or malfunctioning." (ECF No. 13 at 5.) Defendant cites no authority of the proposition that an FAA inspector must allege a part is burnt, plugged, or

malfunctioning in order to state a claim for the violations alleged.  For reasons that should be obvious, such a requirement would make little sense in the context of a case such as this one.

IV.  **CONCLUSION**

Therefore, the Court DENIES Defendant's motion to dismiss.  (ECF No. 13.)

DATED this 7th day of April, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge